PER CURIAM:
Claimant, an imnate at the Mount Olive Correctional Complex, a facility of the respondent, brought this claim to recover the value of property that was kept in the respondent’s possession and was stolen. The Court is of the opinion to make an award in this claim for the reasons set forth below.
Claimant testified at the hearing of this matter that tobacco products are banned from the prison except for religious purposes. Claimant participated inNative American worship services at the prison’s chapel and was permitted to use tobacco products once a month. The tobacco products were kept in a metal cabinet in the prison’s chapel and were secured in a bag labeled with each inmate’s name. A staff member at the prison would distribute the tobacco products before worship. On November 29,2008, the tobacco products were stolen from the secured area inside the chapel. Claimant testified that his stolen tobacco was valued at $32.90.
Respondent contends that it made reasonable efforts to secure the property and is not responsible for the actions of thieves.
Clarence James Rider Jr., chaplain at the prison, testified that the claimant participated in Native American worship services at the prison. The practitioners of *23 this religion believe that smoke aids in carrying their prayers to heaven. When the prison went smoke free in 2008, the number of practitioners of this faith steadily increased, and respondent had to limit the practice to once a month. The tobacco products were stored in a locked cabinet in the assistant’s office in the chapel. Mr. Rider testified that he, the chapel staff, and another chaplain had keys to the locked cabinet. The office and the chapel have locked doors, and inmates must ask permission to come into the office area. There is a red line placed in front of the office assistant’s door indicating that inmates are not permitted to cross the line into the office.
Around Thanksgiving, Mr. Rider testified that thieves broke into the chapel and kicked down the office assistant’s door. The maj ority of the tobacco and smoking paraphernalia stored in the six-foot cabinet were stolen. After the incident, several inmates were charged in the institution’s magistrate court with the break-in. They received punitive sentences and were ordered to pay restitution for the broken doors. Although some of the tobacco has been recovered, respondent cannot return the tobacco to the inmates because it could have been tampered with. Respondent has tightened security in the chapel since this incident.
This Court has taken the position in prior claims that if a bailment situation has been created, respondent is responsible for property of an inmate which is taken from that inmate, remains in its custody, and is not produced for return to the inmate.
The Court finds that the claimant’s property was not adequately secured at the time of the incident, and the claimant is entitled to recover the value of his lost property.
Accordingly, the Court is of the opinion to and does malee an award to the claimant in the amount of $32.90.
Award of $32.90.